# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUWARD M. LANGFORD, | 1:05cv1271 AWI DLB |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO AMEND ANSWER |
| v. | (Document 22) |
| AMERITANX, INC., ET AL., | |
| Defendants. | |

On August 22, 2006, Defendants Ameritanx, Inc. and James Arnott ("Defendants") filed the instant motion to amend the answer to add a counterclaim. On September 15, 2006, the matter was heard before the Honorable Dennis L. Beck, United States Magistrate Judge. Shannon M. Treynor appeared on behalf of Defendants. James C. Holland appeared on behalf of Plaintiff Duward M. Langford ("Plaintiff").

**BACKGROUND**

Plaintiff initially filed this action in the Tulare County Superior Court on August 18, 2005. The complaint alleges breach of contract and other state law violations stemming from the alleged agreements between Plaintiff and Defendant Arnott concerning the refurbishment and resale of surplus military compress gas cylinders ("cylinders"). Plaintiff alleges (1) breach of contract based on the parties' alleged agreement that Plaintiff would withdraw a bid to purchase cylinders from the government if Defendants would sell Plaintiff some of the cylinders; (2) breach of contract for work performed and common counts for money owed based on the parties'

1  alleged agreement that Plaintiff would arrange for the shipment of the cylinders; (3) intentional
2  interference with a contract and conversation based on Defendants' delivery of unusable
3  cylinders to Plaintiff's customer, Fire King; and (4) breach of contract, deceit, conversion,
4  interference with contract and interference with prospective business advantage based on
5  Defendants' selling of cylinders to Plaintiff's customers without paying Plaintiff the agreed
6  commission.

7  On October 6, 2005, Defendants removed the action to this Court based on diversity
8  jurisdiction.  At the same time, Defendants filed their answer.

9  On February 10, 2006, Defendants filed a motion to transfer venue.  The motion was
10 denied on May 13, 2006.

11 On August 22, 2006, Defendants moved to amend their answer to include a counterclaim
12 against Plaintiff.  Plaintiff filed his opposition on September 1, 2006.

## DISCUSSION

A.   Legal Standard

Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment.  *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).  Granting or denial of leave to amend rests in the sound discretion of the trial court. *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

B.   Analysis

Defendants seek leave to amend the answer pursuant to Rule 15 to add a counterclaim

1  against Plaintiff seeking to recover an $18,400.48 balance remaining on an invoice for cylinder
2  purchases between September 13, 2004, and October 19, 2004.  As support for the request,
3  Defendants explain that they did not want to bring the counterclaim against Plaintiff until the
4  Court ruled on the motion to transfer venue.
5      Plaintiff opposes the motion based on Rule 13(f), which governs the procedure for
6  amending omitted counterclaims and provides as follows:

> (f) **Omitted Counterclaim.**  When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment.

9      The parties agree that Defendants' counterclaim is compulsory.  At the hearing, Plaintiff
10 indicated that he would not oppose the amendment if the Court allowed additional time for the
11 parties to make new disclosures based on the counterclaim.  The Court will provide for such
12 time, as described below, and Defendants' motion is therefore GRANTED.
13     Defendants are ordered to file an amended answer within ten (10) days of the date of
14 service of this order.  Plaintiff will have twenty (20) days from the date of filing within which to
15 respond.  Both parties shall make initial disclosures twenty (20) days after Plaintiff answers the
16 counterclaim.  The parties shall then decide, based on the contents of the initial disclosures, if
17 further amendments to the February 8, 2006, Scheduling Conference Order are necessary.

19     IT IS SO ORDERED.
20     **Dated:    September 15, 2006**                **/s/ Dennis L. Beck**
       3b142a                                          UNITED STATES MAGISTRATE JUDGE